UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER GAMBLE,<br>Plaintiff,<br>v.<br>TIKTOK,<br>Defendant. | Case No.: 3:26-cv-5500-CAB-JLB<br>**ORDER:**<br>**(1) DENYING MOTION TO PROCEED IFP [Doc. No. 2];**<br>**(2) DENYING MOTION TO APPOINT COUNSEL [Doc. No. 3]** |

On September 24, 2026, Plaintiff Tyler Gamble, proceeding pro se, sued Defendant Tiktok, for violations of Fraud and Antitrust regulations. [Doc. No. 1 ("Complaint").] Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead, he filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). [Doc. No. 2.] Additionally, Plaintiff filed a motion to appoint counsel. [Doc. No. 3.]

Generally, all parties instituting a civil action in this Court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). But under 28 U.S.C. § 1915(a), the Court may

authorize any suit's commencement, prosecution, or defense without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015.) "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). Granting or denying leave to proceed IFP in civil cases is within the district court's sound discretion. *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

Plaintiff states that he earns $2,800 per month in employment income. [Doc. No. 2 at 1.] However, Plaintiff does not provide his employment history and does not explain how he has no other income or expenses, including rent or food. Plaintiff's application lacks sufficient particularity. The Court **DENIES** his motion to proceed IFP. Plaintiff must file an amended application by **<u>October 28, 2026,</u>** or the case shall be **DISMISSED**. As his IFP application is **DENIED**, the Court **DENIES** the motion to appoint counsel as moot. *See Kelly v. FBI*, No. 23-CV-696-TWR-KSC, 2023 WL 3322590, at *2 (S.D. Cal. May 9, 2023) (denying motion to appoint counsel as moot where IFP application is denied).

It is **SO ORDERED**.

Dated: September 28, 2026

Hon. Cathy Ann Bencivengo
United States District Judge